**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO.: 3:08CV-416-M**

**LINDA L. BENJAMIN**                                                                                          **PLAINTIFF**

**v.**

**CITIBANK SOUTH DAKOTA, N.A. and**
**ROBERT D. McINTOSH**                                                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions to dismiss by Defendants Citibank South Dakota, N.A. ("Citi") [DN 4] and Robert D. McIntosh ("McIntosh") [DN 7]. Also before the Court is a motion to dismiss by Mapother & Mapother P.S.C. ("Mapother") [DN 10], motions for hearings by Citi [DN 19], McIntosh [DN 20], and Mapother [DN 21], and motions by the Plaintiff, Linda L. Benjamin ("Benjamin"), to strike [DN 15] and to amend [DN 27]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

Benjamin filed her complaint in this matter on August 8, 2008 alleging various violations of the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. §§ 1692 *et seq.*

**A. Factual Allegations**

Benjamin alleges[1] that on June 12, 2007, McIntosh, a debt collector as defined by the Act, sent a demand letter on behalf of Citi seeking payment of a purported debt in the amount of

---

[1] Benjamin is a *pro se* plaintiff. Because "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers[,]" Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), Benjamin's complaint "will be liberally construed in determining whether it fails to state a claim upon which relief [can] be granted[,]" id. (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

$31,681.65. (Pl.'s Compl. ¶¶ 4-5.) According to Benjamin, the agreement between her and Citi did not authorize McIntosh to collect the amount stated in the letter. (Id. ¶¶ 10-11.) She asserts, instead, that there is no agreement between her and McIntosh (id. ¶ 14), that any agreement between her and Citi was not transferrable to McIntosh (id. ¶ 15), and that even if the agreement was validly transferred to McIntosh, he was required to resolve any dispute in the agreement through binding arbitration (id. ¶ 18). Benjamin alleges that the demand letter was an unfair or unconscionable means of collecting the debt in violation of 15 U.S.C. § 1692f(1) because of the amount of debt stated in the letter. (Id.) Benjamin also asserts that the demand letter was false, deceptive, or misleading in violation 15 U.S.C. § 1692e(2) because it did not itemize the expenses demanded. (Id. ¶¶ 19-20.) Furthermore, Benjamin alleges that on June 27, 2007, McIntosh filed suit in Kentucky state court for the purposes of collecting the alleged debt. (Id. ¶ 6.) Benjamin argues that because the state court action was filed less than thirty-days after the demand letter was sent to her, McIntosh violated the Act. (Id. ¶ 7.) She also contends that Citi and McIntosh did not validate the debt before filing suit in violation of 15 U.S.C. § 1692g. (Id. ¶ 8.) Although not specifically mentioned in the allegations of her complaint, Benjamin attached a letter addressed to Mapother in which she purportedly disputed the debt on June 28, 2007. (See id. Ex. B at 3.)

### B. Arguments of the Parties

Citi, McIntosh, and Mapother all argue that Benjamin's claims are subject to a one-year statute of limitations under the Act. They argue that the limitations period began to run at the earliest on June 12, 2007 when the demand letter was sent to Benjamin or at the latest on June 27, 2007 when Citi commenced a state court action against Benjamin. As Benjamin filed her complaint on August 8, 2008, Citi, McIntosh, and Mapother contend that her claims fall well outside the

limitations period.  They also argue that Benjamin's claims are barred by *res judicata* and the Rooker-Feldman doctrine.[2]  Citi also argues that Benjamin's claims under the Act do not state a claim against it because it is not a debt collector under the Act.  Furthermore, Mapother argues that any claim against it should be dismissed because it is neither named nor are any allegations made against it in the complaint.

In response, Benjamin argues that her claim is not outside the limitations period because the alleged violation of the Act as identified in her complaint did not occur until June 27, 2007.  (See Pl.'s Resp. to Defs.' Mot. to Dismiss [DN 26] at 3.)  She indicates that McIntosh sent a demand letter on June 12, 2007 and less than 30 days later he filed the Kentucky state court action to collect the debt.  She claims that the filing of the lawsuit was a violation of 15 U.S.C. § 1692g.  Furthermore, Benjamin argues that *res judicata* and the Rooker-Feldman doctrine do not apply because her claims under the Act are for matters that have not been adjudicated in the Kentucky state court action.

## II. DISCUSSION

### A. Standard of Review

When ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[], accept all

---

[2] Under the Rooker-Feldman doctrine, federal district courts do not have subject matter jurisdiction to entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Benjamin previously filed a counterclaim against Citi in the Kentucky state court proceedings alleging that Mapother did not have the authority to collect the debt at issue.  That claim was dismissed with prejudice as against Citi.  Citi, McIntosh, and Mapother argue that, in bringing a claim under the Act, Benjamin is essentially seeking judicial review of the Kentucky state court judgment dismissing her counterclaim.

well-pled factual allegations as true and determine whether plaintiff[] undoubtedly can prove no set of facts consistent with [her] allegations that would entitle [her] to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir.2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); Bredesen, 500 F.3d at 527. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." Bredesen, 500 F.3d at 527 (citing Twombly, 127 S. Ct. at 1965). In other words, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id.

### B. Mapother

Mapother argues that the claims against it should be dismissed because it is not listed as a defendant in the complaint and because there are no allegations in the complaint made against it. Benjamin has not responded to Mapother's argument. The determination of whether an individual or entity is a party to the action "hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption." Hoffman v. Halden, 268 F.2d 280, 304 (9th Cir. 1959); Wilske v. Granholm, No. 08-13270, 2008 WL 4852678, at *2-3 (E.D. Mich. Nov. 7, 2008); 5A Wright & Miller, Federal Practice & Procedure § 1321, pp. 388-389 (3d ed. 2004). Under this standard, Mapother is not a party to the lawsuit. The allegations in the complaint are made only against Citi, McIntosh, "defendant," and "co-defendant." The caption of the case identifies only two defendants;

4

Citi as "defendant" and McIntosh as "co-defendant." Although the text "Mapother and Mapother" does appear in the caption, it is only present to identify McIntosh's address. When an entity is not a party to the lawsuit, the Court does not consider any claims against it. Gilhooly v. Armstrong, No. 3:03 CV 1798 MRK WIG, 2006 WL 322473, at *2 (D. Conn. Feb. 9, 2006). Therefore, no claims will be considered against Mapother. Furthermore, when a motion to dismiss is raised by a non-party, the proper procedure is to deny the motion as moot.[3] See id. at *2-3 (denying as moot a motion to dismiss where the movant was not a party to the lawsuit).

### B. Statute of Limitations

Citi and McIntosh argue that Benjamin's claims fall outside the limitations period because none of the alleged violations occurred within one year from when Benjamin filed her complaint. The Court agrees. 15 U.S.C. § 1692k(d) provides that actions to enforce liability for violations of the Act "may be brought . . . within one year from the date on which the violation occurs." In determining when this limitations period begins to run, the Court looks to "the debt collector's last opportunity to comply with the Act." Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997). When a consumer alleges that a demand or validation letter violates the Act, the limitations period for that violation begins to run when the letter is mailed. Id. (citing Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995); Mattson v. U.S. West Commc'ns, 967 F.2d 259, 261 (8th Cir. 1992)). When a consumer alleges that the filing of a lawsuit violates the Act, the limitations period for that violation begins to run when the complaint is filed. Id. The date on which these acts occur is "fixed by objective and visible standards, one which is easy to determine, ascertainable by both parties, and

---

[3] Mapother has also sought a hearing [DN 21] on its motion to dismiss. For the same reason, its motion will be denied as moot.

may be easily applied." Id. (internal quotation omitted). Even when broadly construing Benjamin's complaint, the violations alleged therein occurred, at the latest, on June 27, 2007 when Citi and McIntosh filed suit against Benjamin in the Kentucky state court action. The only other alleged violations involve the demand letter sent on June 12, 2007. Because each of these dates was the "debt collector's last opportunity to comply with the Act," the limitations period began to run on these dates. Benjamin's causes of action are barred by the applicable limitations period because the alleged violations each occurred more than one year before she filed her complaint in this action. Therefore, the complaint fails to state a claim upon which relief may be granted. Because the Court finds that Benjamin's claims are barred by the statute of limitations, the Court need not address whether the Defendants' other arguments have merit.[4]

### C. Other Motions

The Defendants filed motions for hearings on their respective motions to dismiss. Because the issues raised in their motions have been adequately addressed in their briefs, the Court finds that a hearing is unnecessary and will therefore deny the motions. In response to the Defendants' motions to dismiss, Benjamin filed a motion to "amend" and to strike the Defendants' motions because they "[have] no moral or legal merit." The Court has heretofore considered Benjamin's

---

[4] The Rooker-Feldman doctrine does not deprive the Court of subject matter jurisdiction because it does not apply to the facts of this case. The doctrine would only apply if the Court could not grant relief to Benjamin "without determining that the state court erred . . . ." Kelley v. Med-1 Solutions, LLC, No. 08-1392, — F.3d —, 2008 WL 4977590, at *5 (7th Cir. Nov. 25, 2008). Even if, in dismissing Benjamin's counterclaim in the state court action, the state court held that Citi and Mapother had the authority to collect the alleged debt as argued by the Defendants, a judgment here in favor of Benjamin would not imply error on the part of the state court. A debt collector may have the authority to collect a debt under contract law. However, in doing so, the debt collector might also violate the Act. See Buford v. Palisades Collection, LLC, 552 F. Supp. 2d 800, 805-806 (N.D. Ill. 2008) (holding that the Rooker-Feldman doctrine does not apply when the plaintiff alleges a separate injury under the Act).

motions as responses in the briefing process. Because the Court has already found that the Defendants' motions have merit, Benjamin's motions will be denied.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions to dismiss by Defendants Citibank South Dakota, N.A. [DN 4] and Robert D. McIntosh [DN 7] are **GRANTED WITH PREJUDICE**. **IT IS FURTHER ORDERED** that the motion to dismiss [DN 10] and the motion for a hearing [DN 21] by Mapother & Mapother P.S.C. are **DENIED AS MOOT**. The remaining motions [DN 15, DN 19, DN 20, and DN 27] are **DENIED**. In light of this Order, the Clerk is directed to remove Mapother & Mapother P.S.C. from the docket as a party defendant.

cc:    Counsel of Record
        Linda L. Benjamin, pro se